UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE:<br><br>C. Wayne McDonald,<br><br>       Debtor. | Case No. 13-10663<br>Jointly Administered<br>in Case No. 13-10661 |
| IN RE:<br><br>Wendy C. McDonald,<br><br>       Debtor. | Case No. 13-10664<br>Jointly Administered<br>in Case No. 13-10661 |
| Bank of North Carolina,<br><br>       Plaintiff,<br><br>vs.<br><br>C. Wayne McDonald<br>and Wendy C. McDonald,<br><br>       Defendants. | Adv. Proc. No. 14-02003 |

## OPINION AND ORDER

The matter now before the court is the Defendants' motion to stay proceedings ("Motion"). For the reasons that follow, the court has concluded that the Motion should be denied.

In this adversary proceeding, the Plaintiff objects to the Defendants receiving a discharge pursuant to section 727(a)(2), (3), (4) and (5) of the Bankruptcy Code and to the dischargeability of its indebtedness pursuant to section 523(a)(2)(B) of the Bankruptcy Code. The Defendants assert in the Motion that this proceeding should be stayed because "the realizable value of mortgaged properties likely is sufficient to pay all or virtually

all of the debt claimed by the creditors, who are seeking to prevent the discharge of debtors on basis of alleged fraud."

The "debt" referred to in the Motion is indebtedness owed by the Defendants under written guaranties[1] in which they guaranteed the payment of indebtedness due under promissory notes held by the Plaintiff from corporations controlled by the Defendants. The amount of this "debt" was established at $2,892,052.80 plus attorneys' fees of $27,644.81 pursuant to a final judgment that was entered against the Defendants prior to the commencement of their bankruptcy cases. The "mortgaged properties" referred to in the Motion are properties described in deeds of trust from the corporate debtors securing the promissory notes guaranteed by the Defendants.

The Defendants have provided no legal authority that would support staying this discharge and dischargeability proceeding until the properties described in the deeds of trust have been sold. To the contrary, the guaranties make it clear that the Plaintiff is not required to resort to any of the collateral before proceeding against the Defendants. Under the guaranties, the Defendants agreed to be unconditionally liable "regardless of whether or not you pursue any of your remedies against the Borrower, against any other maker, surety, guarantor or endorser of

---

[1] Exhibits C(5) through C(7) to Defendants' motion to compel (Docket #30).

the Debtor or against any Property." "Property" is defined in the guaranties as "any property, real or personal, that secures performance of the obligations of the Note, Debt or Guaranty." In the guaranties, the Defendants also waived any right to require the Plaintiff "to realize upon any collateral which secures the Indebtedness. . . ."

Even if there were a legal basis for staying this proceeding based on the "realizable value" of the properties being sufficient to satisfy the indebtedness owed by the Defendants, the evidence offered by the Defendants was insufficient to show by a preponderance that the amount likely to be realized from the properties will be sufficient to satisfy the indebtedness. The only evidence from the Defendants regarding the value of the properties was the testimony of the male Defendant. This testimony was based upon vague and incomplete descriptions of the properties and provided virtually nothing regarding how the Defendant arrived at the values he expressed or exactly what was meant by "realizable" value. This testimony was unconvincing and not sufficient to provide a factual basis for staying this proceeding.

Another problem for the Defendants is that they failed to account for foreclosures that already have occurred. According to the Plaintiff's proof of claim, these foreclosures have resulted in the Plaintiff's claim being reduced from $2,919,697.03 to $1,687,115.03. Whether there are remaining properties to be

foreclosed and, if so, whether the proceeds from those properties likely will be sufficient to satisfy the remaining indebtedness of $1,687,115.03 was not addressed by the Defendants' evidence. This void in the evidence creates additional uncertainty as to whether the properties likely will be sufficient to satisfy the indebtedness owed by the Defendants.

There being no legal or factual basis for granting the relief sought in the Motion, the court concludes that the Motion should be overruled and denied.

IT IS SO ORDERED.

This 4th day of December, 2014.

_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

- 4 -